UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-14115-RAR

**GIEUVOIS CADEJUSTE**,

    Plaintiff,

v.

**ARAMARK FOOD DISTRIBUTION**,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court on Plaintiff Gieuvois Cadejuste's "Class Action Civil Suite [sic] Complaint" which the Court construes as a civil rights complaint under 42 U.S.C. § 1983. *See* Complaint ("Compl.") [ECF No. 1]. Plaintiff's Complaint is, to be a blunt, a rambling and incoherent mess laden with references to the Black Hebrew Israelites, long lists of fictional website URLs, nutritional facts about random snack items, several smiling suns with sunglasses (which Plaintiff believes to be a depiction of the Ancient Egyptian creator god Ra),[1] and a fantastical drawing of a person being abducted by a UFO under the watchful eyes of a demon and that same smiling sun. *See generally id.* Plaintiff, unsurprisingly, has a long history of filing other frivolous civil suits in federal court, and has not paid the filing fee or filed a motion to proceed *in forma pauperis* in this case. *See generally* Docket. Under this set of circumstances, the Court could dismiss the Complaint without prejudice under the "three-strikes" provision of 28 U.S.C. §

---

[1] Of course, over the many millennia that the Ancient Egyptians ruled the Nile River Valley, Ra was "almost always depicted as [a] falcon-headed male . . . with the solar disc above his head" or, in the alternative, "[a] scarab beetle below the solar disc." Joshua J. Mark, *Ra (Egyptian God)*, WORLD HISTORY ENCYCLOPEDIA (May 20, 2021), https://www.worldhistory.org/Ra_(Egyptian_God)/. Suffice to say, there was no relief in the great temple of Karnak that depicted Ra as an anthropomorphic sun with sunglasses.

1915(g), but, given the frivolousness of the Complaint and Plaintiff's long history of meritless lawsuits, the Court will instead **DISMISS** the Complaint **with prejudice** and advise Plaintiff that sanctions will be imposed against him if he continues to inundate the Court with his nonsensical and absurd pleadings.

"To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) (citing 28 U.S.C. § 1914(a)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A person that is "unable to pay such fees or give security therefor" can avoid prepaying the filing fee by filing a motion to proceed IFP. 28 U.S.C. § 1915(a). However, the statute also provides a major exception to this rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). The purpose of this provision, also known as the "three-strikes rule," is "to curtail abusive prisoner litigation" by only allowing "a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). If, after receiving three "strikes," a prisoner files a new suit while moving to proceed IFP, "a court must dismiss the prisoner's case." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Less than two months ago, Plaintiff filed another § 1983 complaint in this Court that was dismissed by U.S. District Judge Robin L. Rosenberg. *See Cadejuste v. Wellpath Medical Co.*,

No. 23-CV-14058 (S.D. Fla. Mar. 7, 2023), ECF No. 4 at 2–3. Judge Rosenberg concluded that Plaintiff's Complaint should be dismissed under § 1915(g) because Plaintiff had filed three suits that had previously been dismissed as frivolous, malicious, or for failure to state a claim: *Cadejuste v. Locke*, No. 16-CV-465, 2016 WL 7423400 (N.D. Fla. Dec. 12, 2016) ("[T]his action [should] be DISMISSED without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process."), *report and recommendation adopted*, 2016 WL 7422668 (N.D. Fla. Dec. 22, 2016); *Cadejuste v. Munteanu*, No. 17-CV-586 (N.D. Fla. Aug. 24, 2017), ECF No. 5 at 7 (same), *report and recommendation adopted*, No. 17-CV-586 (N.D. Fla. Sept. 22, 2017), ECF No. 6; and *Cadejuste v. St. Lucie County Jail*, No. 21-CV-14111 (S.D. Fla. Mar. 5, 2021), ECF No. 3 at 3 ("The complaint is DISMISSED, without prejudice, pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted."). *See id.* at 2 (listing cases). Having reviewed Judge Rosenberg's order, the Court agrees that Plaintiff qualifies as a three-striker since he has filed at least "three meritless suits" without paying the filing fee in full. *Dupree*, 284 F.3d at 1236.[2]

That said, the Court instead elects to dismiss the Complaint <u>with prejudice</u> due to its particularly frivolous and malicious nature. *See White*, 947 F.3d at 1379 ("So though a court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-

---

[2] The only exception to the three-strikes rule is when the prisoner alleges that "he is under imminent danger of serious physical injury." *Medberry*, 185 F.3d at 1192. The plaintiff must affirmatively "allege facts showing that he was in any danger of imminent harm" at the time he filed his complaint. *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020). The only germane allegations the Court can identify in Plaintiff's Complaint consist of a general dissatisfaction with the food that is served at the St. Lucie County Jail. *See* Compl. at 2 ("[M]ost time we get underfeed meals and guards deputies and inmate complaint about the food!") (errors in original). Plaintiff's animus against the quality and quantity of the food he has received while incarcerated is insufficient to establish a risk of imminent physical harm. *See, e.g., Boeji v. Trinity Serv. Grp., Inc.*, No. 19-CV-589, 2019 WL 1228082, at *1–2 (M.D. Fla. Mar. 15, 2019) (dismissing a § 1983 complaint which alleged that "every inmate complains about the food portions and the bad quality of the food").

strikes provision and failed to pay the filing fee, the court may also consider the merits to dismiss the case with prejudice instead."); *Mallon v. St. Lucie Cnty. Pub. Defender's Off.*, No. 22-CV-14396, 2022 WL 17477010, at *4 (S.D. Fla. Dec. 6, 2022) (dismissing a case with prejudice as "frivolous and malicious" rather than without prejudice under § 1915(g)).  A complaint is "frivolous" when "it lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), whereas a "malicious" complaint is one that is "plainly abusive of the judicial process," *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981)).

As the Court previously detailed, Plaintiff's Complaint does not address any alleged constitutional violations committed by a state actor and instead devotes itself to displaying bizarre iconography and dryly reciting nutritional labels found on food (presumably) sold at the jail's commissary.  *See generally* Compl.  Such an obviously meritless pleading fails to raise any worthwhile factual allegations or legal arguments and does nothing but waste precious judicial resources.  The Court easily concludes, therefore, that the Complaint can be dismissed <u>with prejudice</u> as both frivolous and malicious.  *See Mallon*, 2022 WL 17477010, at *4 ("The Eleventh Circuit has consistently affirmed the with-prejudice dismissal of frivolous and malicious § 1983 complaints." (first citing *Broner v. Wash. Mut. Bank, F.A.*, 258 F. App'x 254, 256–57 (11th Cir. 2007); and then citing *Nails v. Franklin*, 279 F. App'x 899, 901 (11th Cir. 2008))).

Finally, the Court will take a brief moment to discuss sanctions.  It is sometimes proper to restrain "particularly abusive prisoner[s]" from having unfettered access to the courts when he or she has demonstrated a proclivity for filing lawsuits designed "to either harass those in positions of authority or to grind the wheels of the judicial system to a halt." *Procup v. Strickland*, 792 F.2d 1069, 1071–72 (11th Cir. 1986) (en banc).  At least one other federal judge has found that this

same Plaintiff previously abused the judicial process by "not providing the court with true factual statements or responses[.]" *Locke*, 2016 WL 7423400, at *2. And this Court finds that Plaintiff has been willing to inundate the federal judiciary with absurd claims and linguistic gibberish. For these reasons, this Order shall serve as a warning to Plaintiff that continuing to file meritless lawsuits in federal court will result in the entry of sanctions against him—which can include restrictions on his ability to file new lawsuits and/or monetary penalties against him. *See Barash v. Kates*, 586 F. Supp. 2d 1323, 1326 (S.D. Fla. 2008) ("The only limitation on the court's discretion to enjoin abusive litigation is that courts are not permitted to completely bar all access to the courts." (citing *Procup*, 792 F.2d at 1074)).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Complaint [ECF No. 1] is **DISMISSED with prejudice** as frivolous and malicious pursuant to 28 U.S.C. § 1915A. All pending motions are **DENIED as moot** and all deadlines, if any, are **TERMINATED**. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 28th day of April, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**